United States District Court
Southern District of Texas
FILED

JUL -6 2009

Michael N. Milby, Clerk
Laredo Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
**LAREDO DIVISION**

| | | |
|---|---|---|
| HEI RESOURCES EAST OMG JOINT VENTURE, | § § § | |
| Plaintiff, | § | Civil Action No. 5:07-CV-62 |
| v. | § § | |
| S. LAVON EVANS, JR. OPERATING CO., INC.; et al., | § § § | |
| Defendants and Third-Party Plaintiffs, | § § § | **MEMORANDUM OPINION AND ORDER** |
| v. | § § | |
| HEI RESOURCES, INC.; et al., | § § | |
| Third-Party Defendants. | § | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendants/Third-Party Plaintiffs' motion to reconsider [Dkt. No. 68] the Court's Order dated August 29, 2008 [Dkt. No. 61]. Third-Party Defendants responded [Dkt. No. 71] and Defendants/Third-Party Plaintiffs replied [Dkt. No. 81]. Accordingly, this motion is ripe for review. Also before the Court is Third-Party Defendants' motion to strike the First Amended Third-Party Complaint and motion for sanctions against Defendants/Third-Party Plaintiffs [Dkt. No. 70]. Fully briefed, this matter is also ripe for review [Dkt. Nos. 80 & 85]. For the reasons that follow, Defendants/Third-Party Plaintiffs' motion for reconsideration will be denied and Third-Party Defendants' motion to strike and motion for sanctions will be granted.

I.  **BACKGROUND**

The pending motions stem from this Court's Order (the "Order"), dated August 29, 2008 [Dkt. No. 61]. In that Order, the Court (1) denied as moot a motion for protective order regarding certain electronic data; (2) denied a motion for leave to file a first supplemental third-party complaint; (3) denied without prejudice a motion for leave to file a second amended third-party complaint *as to the addition of individual joint venturers*; (4) granted a motion for leave to file a second amended third-party complaint in order to remove the so-called Wharton County well claims; (5) denied without prejudice a motion to expedite responses to interrogatories; (6) denied as moot a motion for shortened time periods; (7) and denied receivership applications and petitions for injunctive relief and temporary restraining orders.

Defendants/Third-Party Plaintiffs (the "Evans Parties") now ask the Court to reconsider its rulings in that Order [Dkt. No. 68]. Namely, they ask for reconsideration of (1) the denial of their motion for protective order regarding certain electronic data; (2) the partial denial of applications for receivership, and petitions for injunctive relief and temporary restraining orders; and (3) the denial without prejudice of their motion for leave to file a second amended third-party complaint to add individual joint venturers as necessary parties. The parties subsequently addressed the first two issues by agreed orders [Dkt. Nos. 77, 127, 128].

Thus, these issues are now moot.

On September 19, 2008, the same day the motion for reconsideration was filed, the Evans Parties also filed a First Amended Third-Party Complaint [Dkt. No. 67], pursuant to the Court's Order granting leave to amend their Complaint to remove the Wharton County wells claims.[1] The First Amended Third-Party Complaint, however, differed substantially in form and content from what the Court authorized in granting leave to amend. Consequently, on October 9, 2008, Third-Party Defendants (the "HEI Parties") moved to strike the First Amended Third-Party Complaint from the record [Dkt. No. 70]. Additionally, the HEI Parties moved for sanctions in the amount of $10,525.00 against the Evans Parties and their attorneys under 28 U.S.C. § 1927 and the Court's inherent powers.

## II. DISCUSSION

### A. Motion to Reconsider

The Court will deny the Evans Parties' motion to reconsider because adding HEI Resources, Inc.'s joint venture partners as parties at this stage will unnecessarily complicate and delay the

---

[1] The Court notes that there is some confusion regarding the styling of this amended pleading. By the Court's count, this pleading should have been styled as a Second Amended Third-Party Complaint, the First Amended Third-Party Complaint being filed on July 27, 2007 [Dkt. No. 9]. As the parties and the docket sheet refer to this particular pleading as the "First Amended," the Court will attempt to follow that practice in this Memorandum Opinion and Order.

proceedings in this case. The Court notes that much of the Evans Parties' motion for reconsideration is now moot due to the parties reaching agreement on the protective order issue and release of leases issue [Dkt. Nos. 77, 127 & 128]. The sole issue remaining is whether the Court should reconsider its decision to prevent the Evans Parties from adding the joint venturers as necessary parties. "The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. A court retains the power to revise any interlocutory order before the entry of judgment adjudicating all the parties' claims, rights, and liabilities. Fed. R. Civ. P. 54(b)." *T-M Vacuum Prods., Inc. v. TAISC, Inc.*, No. H-07-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008) (citations omitted).

In support of their motion, the Evans Parties argue that the joint venturers should be added as parties at this stage because, under Texas law, they may be jointly and severally liable to the Evans Parties under various asserted claims. As the Court has repeatedly pointed out, however, the Evans Parties may:

> litigate whether [the HEI Parties] owe . . . money on those wells or not without necessarily talking to the [joint venturers]. They may be liable in the end, but . . . I don't think you need that to litigate. . . . It doesn't make any difference who the joint venturers are as to whether or not the operating company owes you money. . . .

[Dkt. No. 71, Ex. A at 3, 4-5.] The Court remains unpersuaded of the need to add the joint venturers at this stage in the litigation

and will deny future requests to add the joint venturers as parties until the Evans Parties can demonstrate the necessity of doing so, i.e., that the joint venture is liable to the Evans Parties. The Evans Parties' motion for reconsideration has failed to convince the Court of any present need to add the joint venturers because their liability has not been established. Pursuant to the Court's prior Order, the Evans Parties may revisit this issue once this need is established.

**B.   Motion to Strike First Amended Third-Party Complaint**

The HEI Parties' motion to strike the First Amended Third-Party Complaint will be granted because of the Evans Parties' failure to adhere to the Court's Order granting leave to amend their Third-Party Complaint. Leave to amend a complaint should be freely given. *Ayanbadejo v. Chertoff*, 517 F.3d 273, 278 (5th Cir. 2008); Fed. R. Civ. P. 15(a). As a first step, however, the Evans Parties were required to gain "the opposing party's consent or the court's leave" in order to amend their Complaint because the HEI Parties previously filed a responsive pleading. Fed. R. Civ. P. 15(a)(2). The Court granted the Evans Parties' motion for leave to amend in order [Dkt. No. 41] to "remove certain claims related to the Wharton County well." [Dkt. No. 61.] The Evans Parties, however, took the opportunity to add additional claims, factual averments, and join one hundred "John Doe" joint venturers as parties. Clearly, the Evans Parties abused the Court's grant of

leave to amend their Third-Party Complaint.

By filing an amended pleading not in conformity with the parameters established by the Court's Order, the Evans Parties have created confusion and unnecessary delay in a case that is already overly litigious. Moreover, the Evans Parties have ignored a Court order and the Federal Rules of Civil Procedure. Ultimately, the Evans Parties have succeeded in wasting the Court's limited time and resources by not adhering to the well-established procedure for amending pleadings or the Court's own orders. The Evans Parties argue that they disregarded the Court's Order in order to preserve the record and support their claims against the as-yet unnamed joint venturers. It is clear that the Evans Parties real intent is to circumvent the Court's rulings regarding the addition of the joint venturers as parties, despite lengthy and repeated attempts by the Court to refrain from adding them as parties until necessary in order to deal with the heart of this case. Because the Evans Parties failed to seek additional leave to amend their Third-Party Complaint again and because their amended pleading does not comply with this Court's prior Order, the amended pleading will be stricken from the record and the Evans Parties again will be ordered to comply with the Court's prior Order on this matter.

### C. Motion for Sanctions

The HEI Parties motion for sanctions against the Evans Parties' attorneys will be granted because of the Evans Parties'

dogged efforts to waste the resources of this Court. Section 1927 provides, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The underlying basis for § 1927 sanctions is the recognition that frivolous arguments waste scarce judicial resources and increase legal fees for the parties. Nothing in the record indicates that the Evans Parties themselves are responsible for the vexatious filings discussed above. Therefore, sanctions will only be considered against counsel for the Evans Parties.

The Evans Parties' attorneys' conduct was vexatious and in bad faith, and sanctions will be awarded against them. The Evans Parties' wasted the time and judicial resources of this Court and needlessly increased the legal fees of both parties by filing an amended pleading in violation of the Court's Order. It is clear from that Order that the Evans Parties were granted leave to amend their Third-Party Complaint in a specific way. The Evans Parties have acknowledged that the amended complaint filed was not in accordance with the Court's Order. The Evans Parties, however, continue to argue that it was acceptable for them to file this amended pleading despite its nonconformity. In essence, the Evans Parties argue that the Court's 'No' really meant 'Yes'. Furthermore, the Evans Parties demonstrated that they knew leave

-7-

must be sought and granted in order to amend their complaint, barring agreement of the parties. The fact that they violated the Court's Order and ignored the Federal Rules of Civil Procedure demonstrates their bad faith and vexatiousness in this matter and sanctions are appropriate.

The HEI Parties will be awarded $6,625 in sanctions against the Evans Parties' attorneys. In support of their motion for sanctions, the HEI Parties' counsel filed an affidavit detailing the fee charged to their clients in order to move the Court to strike the offending amended pleading [Dkt. No. 70, Ex. 1]. The Evans Parties' did not dispute the reasonableness of the fee or the time claimed to have been spent dealing with this matter. Thus, the Court will assume the amount of time and the billable rate are reasonable. The HEI Parties, however, miscalculated their total fee as $10,025. The Court calculates the sum of the efforts of Messrs. Bowers, Suit, and Wisenbaker, attorneys for the HEI Parties, as $6,625 and will award that amount as sanctions against the Evans Parties' attorneys. The Court notes that Mr. Bowers listed anticipated fees as part of his sum, in the amount of $3,400.

Reviewing the record in this matter, attorneys from the firm of Jackson Walker, LLP, signed and filed the amended pleading that will be stricken. Therefore, sanctions are awarded against the Jackson Walker attorneys representing the Evans Parties in this

matter.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED**:

(1) that Defendants/Third-Party Plaintiffs' motion for reconsideration regarding leave to join HEI Resources, Inc.'s joint venturer partners [Dkt. No. 68] be, and the same hereby is, **DENIED**.

(2) that Third-Party Defendants' motion to strike and motion for sanctions [Dkt. No. 70] be, and the same hereby is, **GRANTED**.

(3) that the Defendants/Third-Party Plaintiffs First Amended Third-Party Complaint [Dkt. No. 67] be, and the same hereby is, **STRICKEN** from the record. Defendants/Third-Party Plaintiffs **SHALL FILE** an amended pleading conforming to this Court's prior Order [Dkt. No. 61] no later than July 20, 2009. Third-Party Defendants shall file an amended responsive pleading twenty (20) days after receiving the amended pleading.

(4) that Jackson Walker attorneys representing Defendants/Third-Party Plaintiffs are **SANCTIONED** in the amount of $6,625 pursuant to 28 U.S.C. § 1927 and **SHALL PAY** that amount to Third-Party Defendants' attorneys no later than August 6, 2009.

This the 6th day of July, 2009.

Sitting by designation, 

**Signed By:**
*Joseph M. Hood*
**Senior U.S. District Judge**