United States District Court
Southern District of Texas
FILED

AUG 2 4 2009

CLERK OF COURT
LAREDO DIVISON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
**LAREDO DIVISION**

| | | |
|---|---|---|
| HEI RESOURCES EAST OMG JOINT VENTURE, | § § § | |
| Plaintiff, | § § | Civil Action No. 5:07-CV-62 |
| v. | § § § | |
| S. LAVON EVANS, JR. OPERATING CO., INC.; et al., | § § § | |
| Defendants and Third-Party Plaintiffs, | § § § § | **MEMORANDUM OPINION AND ORDER** |
| v. | § § | |
| HEI RESOURCES, INC.; et al., | § § | |
| Third-Party Defendants. | § | |

\*\*   \*\*   \*\*   \*\*   \*\*

Having reviewed the record in the case, the Court notes that the Third-Party Complaint does not allege that Third-Party Defendants are liable to Plaintiff, in whole or in part, for Plaintiff's claims against Defendants. Accordingly, upon the Court's own motion, the Court will order the parties to the third-party action to show cause as to why the Third-Party Complaint should not be dismissed without prejudice.

**I. BACKGROUND**

On May 17, 2007, Plaintiff East OMG ("East OMG") filed suit against Defendants. In its First Amended Complaint, East OMG averred six causes of action centered around claims of fraud and theft. [Dkt. No. 49]. Defendants, and Wausau Development Corporation ("Wausau"), filed a third-party complaint against

Third-Party Defendants ("the Heartland Parties"). Wausau was first brought into this action as a third-party plaintiff. [Dkt. No. 188]. Third-Party Plaintiffs ("the Evans Parties") asserted three causes of action against the Heartland Parties, including: (1) breach of contract for failing to pay for services rendered, (2) quantum meruit, and (3) breach of contract for failing to pay a working interest owner, i.e., Wausau. [Dkt No. 188]. The Evans Parties do not claim that the Heartland Parties may be liable to East OMG for East OMG's claims against Defendants. *Id*. The Heartland Parties counterclaimed, asserting a multitude of claims against the Evans Parties, including: (1) violation of the TTLA, (2) money had and received, (3) unjust enrichment, (4) fraud, (5) fraud in the inducement, (6) and seeking a declaration that the Heartland Parties may terminate the Evans Parties as drillers and operators of certain oil and gas wells.

## II. DISCUSSION

The Court has examined the Third-Party Complaint and, upon its own motion, is inclined to sever and dismiss it because the Evans Parties have not asserted that the Heartland Parties are liable, in whole or in part, to East OMG for East OMG's claims against Defendants. Fed. R. Civ. P. 14(a) provides: "A defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." A third-party claim may be asserted under Rule 14(a) only when the third party's liability is "in some way

derivative of the outcome of the main claim" or when the third party is secondarily liable to defendant. *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751-52 (5th Cir. 1967). If the claim is entirely separate or independent from the main action, impleader will be denied. *Id.* at 751.

In this case, the Evans Parties asserted three causes of action against the Heartland Parties, including: (1) breach of contract for failing to pay for services rendered, (2) quantum meruit, and (3) breach of contract for failing to pay a working interest owner, i.e., Wausau. Wausau piggybacked into this suit by virtue of being named as a third-party plaintiff in the Third-Party Complaint. The Evans Parties' contract claims are independent of the main action, which is primarily a fraud and theft action. Furthermore, the contract claims relate to other oil and gas projects and not the K2 Prospect. Whether the Heartland Parties are liable to the Evans Parties in the third-party action appears to be an entirely separate question, with entirely separate factual bases. In other words, the Heartland Parties' liability for debts owed or any alleged breach of contract with the Evans Parties is not derivative of the outcome of the fraud and theft claims brought against Defendants in the main action. Therefore, the Third-Party Complaint will be dismissed, if the parties fail to show cause as to why it should not be dismissed. Dismissal will facilitate a speedier resolution of this dispute by refocusing the parties' attention on the issues in the main action. If dismissed, the

Evans Parties may choose to re-file their action in another suit, assuming all court fees are paid.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that no later than ten (10) days from the entry of this Order, the parties to the Third-Party action shall **SHOW CAUSE** as to why the Third-Party Complaint should not be dismissed without prejudice because it was not properly brought under Fed. R. Civ. P. 14.

This the 24th day of August, 2009.

Sitting by designation,



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge

-4-