United States District Court
Southern District of Texas
FILED

SEP - 9 2009

CLERK OF COURT
LAREDO DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
**LAREDO DIVISION**

| | |
|---|---|
| HEI RESOURCES EAST OMG JOINT VENTURE, §§§<br><br>    Plaintiff, §<br>§<br>v. §§§<br>S. LAVON EVANS, JR. OPERATING § CO., INC.; et al., §§<br>    Defendants and §<br>    Third-Party Plaintiffs, §§§<br>v. §§<br>HEI RESOURCES, INC.; et al., §§<br>    Third-Party Defendants. § | Civil Action No. 5:07-CV-62<br><br><br><br><br><br><br>**MEMORANDUM OPINION**<br>**AND ORDER** |

\*\*    \*\*    \*\*    \*\*    \*\*

Having reviewed Third-Party Plaintiffs' and Defendants' Responses to the Court's Show Cause Order [Record Nos. 196 and 197] requesting that the parties to the Third-Party Complaint show cause as to why the Third-Party Complaint should not be dismissed, and the Court being adequately advised, the Court will order that the Third-Party Complaint be dismissed without prejudice.

The Court has examined the Third-Party Complaint, and upon its own motion, has decided to sever and dismiss it because Defendants/Third-Party Plaintiffs, the Evans Parties, have not asserted that Third-Party Defendants, the Heartland Parties, are liable, in whole or in part, to the Evans Parties for Plaintiff East OMG's claims against the Evans Parties. Under Fed. R. Civ. P. 14(a), "[a] defending party may, as a third-party plaintiff, serve

a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Rule 14(a) only allows a defendant to bring in a third-party defendant if that party "'is or may be liable to him for all or part of the plaintiff's claim against him.'" *Horn v. Daniel*, 315 F.2d 471, 474 (10th Cir. 1962).

The Court recognizes that East OMG, the Evans Parties, and the Heartland Parties are interconnected through a series of business dealings. However, the causes of action giving rise to East OMG's claims against the Evans Parties are primarily fraud and theft and unrelated to the breach of contract causes of action which comprise the Evans Parties' claims against the Heartland Parties. The Evans Parties argued in their Response to the Show Cause Order [Record No. 196] that East OMG and the Heartland Parties are so interrelated that the Court should allow the Third-Party Complaint to proceed so that any resulting judgment would offset the Evans Parties' liability to East OMG. This logic misconstrues the purpose of a Rule 14 impleader.

Rule 14(a) requires that a third-party claim be "in some way derivative of the outcome of the main claim." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751-52 (5th Cir. 1967). Whether the Heartland Parties are liable for any debts owed or breach of contract to the Evans Parties is unrelated to East OMG's claims against the Evans Parties. The Evans Parties' claims against the Heartland Parties will be based on entirely separate factual findings from those in the main case. The purpose of a third-party

complaint is to bring in third parties who may be liable to the defendant for the plaintiff's claims against the defendant if the defendant is found to be liable to the plaintiff. Fed. R. Civ. P. 14(a). Rule 14 does not state that a defendant may bring in a third-party defendant who is affiliated with the plaintiff, and who allegedly owes money to the defendant on an unrelated claim, for the purpose of offsetting defendant's liability to plaintiff. In this case, the Evans Parties' claims are not derivative of the fraud and theft claims that East OMG brought against the Evans Parties as required for a Third-Party Complaint under Rule 14(a). As a result, the Third-Party Complaint was not properly brought under Fed. R. Civ. P. 14.

The Heartland Parties requested that the Court sever Plaintiff East OMG's claims and allow the remainder of the action to continue under a new cause number. It is the Court's opinion that dismissing the unrelated Third-Party Complaint without prejudice will reduce the confusion and obfuscation of issues that has pervaded this case. The Evans Parties are free to re-file the Third-Party Complaint as a new action. Additionally, the parties' motion practice will not have been for naught, as the Heartland Parties suggest, because the parties can re-file their motions in any new litigation which may arise between the Evans Parties and the Heartland Parties.

Accordingly, **IT IS ORDERED** that the Third-Party Complaint be, and the same hereby is, **DISMISSED** without prejudice.

This the 9th day of September, 2009.

Sitting by designation,



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge