UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
**LAREDO DIVISION**

United States District Court
Southern District of Texas
FILED

FEB 10 2010 **EGF**

CLERK OF COURT
**LAREDO DIVISON**

| | | |
|---|---|---|
| HEI RESOURCES EAST OMG JOINT VENTURE, | § § § | |
| Plaintiff, | § § | Civil Action No. 5:07-CV-62 |
| v. | § § | |
| S. LAVON EVANS, JR. OPERATING CO., INC.; et al., | § § § | |
| Defendants and Third-Party Plaintiffs, | § § § | **MEMORANDUM OPINION AND ORDER** |
| v. | § § | |
| HEI RESOURCES, INC.; et al., | § § | |
| Third-Party Defendants. | § | |

**       **       **       **       ****

This matter is before the Court on Plaintiff's motion for determination of damages and modification of the judgment [Record No. 200]. Defendants responded [Record No. 203] and Plaintiff replied [Record No. 207], and the matter is now ripe for decision.

**I.   BACKGROUND**

The Court granted Plaintiff's motion for summary judgment in a Memorandum Opinion and Order dated August 24, 2009 [Record No. 194] on its claims of fraud, violation of the Texas Theft Liability Act, (Tex. Civ. Prac. & Rem. Code § 134.001, et seq.)("TTLA"), money had and received, unjust enrichment, and civil conspiracy. On September 11, 2009, the Court entered a Judgment in the amount of $2,700,000.00 for the plaintiff.

In its motion, Plaintiff moved for modification of the

Judgment under Fed. R. Civ. P. 54(b) and 59(e).  Plaintiff seeks that the Court modify its Judgment as follows: (1) to reflect that the TTLA was the substantive basis for liability; (2) to clarify that the Judgment is against Defendants Evans, Evans Operating, and E & D Services, jointly and severally; (3) for a Judgment of an additional $1000.00 against each Defendant under the strict liability provision of the TTLA; (4) for attorney's fees in the amount of $243,664.00; (5) for costs in the amount of $19,905.86; (6) for prejudgment interest at 5% from the date of filing the complaint to the day before entry of the Judgment; (7) for postjudgment interest at 5% from the date of entry of the Judgment until it is satisfied; and (8) exemplary damages in the amount of $5,400,000.00.

## II.  STANDARD

The purpose of a Fed. R. Civ. P. 59(e) motion is to enable a Court to correct manifest errors of law or fact or to consider the importance of newly discovered evidence.  *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990).

"[A] motion for attorney's fees is unlike a motion to alter or amend a judgment.  It does not imply a change in the judgment, but merely seeks what is due because of the judgment.  It is, therefore, not governed by the provisions of Rule 59(e)." *Knighton v. Watkins*, 616 F.2d 795, 797 (5th Cir. 1980).  The same analysis is true for a motion for costs, which do not change the judgment

2

but reflect an award "due because of the Judgment." *Id.*

Defendants argued that Plaintiff was attempting to utilize Rule 59 to amend, supplement, or modify its motion for summary judgment. Plaintiff was clear in its motion for summary judgment that its motion only addressed liability, not damages, and if liability was found, Plaintiff would then move for additional damages. [Plaintiff's motion for summary judgment, 2 and 17, Record No. 164.] Furthermore, although Plaintiff pleaded for exemplary damages and pre and postjudgment interest in its complaint [Record No. 1], Plaintiff's motion for determination of damages is the first motion Plaintiff made for these damages. The additional damages Plaintiff seeks are separate from the Judgment for compensatory damages and will be reviewed as motion outside the Judgment, not as a motion to amend the judgment under Rule 59.

## III. DISCUSSION

### A. Modification of the Judgment to Reflect Substantive Basis for Liability

The Judgment entered against Defendants was based, in part, on liability found under the TTLA [Memorandum Order and Opinion, 19-20, Record No. 194]. Defendants have not objected to a modification of the judgment to reflect that the TTLA was the substantive basis under which the Court found Defendants liable. The Judgment will be modified to reflect that the Court found Defendants liable under the TTLA.

### B. Joint and Several Liability Against Each Defendant

3

The Court clarifies that its entry of Judgment was against each Defendant, jointly and severally, consistent with the Court's finding of a civil conspiracy in the Memorandum Opinion and Order of August 24, 2009 [Record No. 194].

C.   **Strict Liability under the TTLA**

The TTLA provides for strict liability in the amount of $1000. V.T.C.A. § 134.005(a)(1). Defendants have not objected to Plaintiff's request for strict liability damages in the amount of $1000 against each Defendant. Pursuant to the TTLA, the Court will award strict liability damages in the amount of $1000 against each defendant (not jointly and severally).

D.   **Attorney's Fees Award**

Plaintiff has moved for an award of $243,664 in attorney's fees under the TTLA. The TTLA states that "each person who prevails in a suit under this chapter shall be awarded . . . reasonable and necessary attorney's fees." V.T.C.A. § 134.005(b). Defendants offered no specific objections to an award of attorney's fees in their Response. The undersigned conducted an *in camera* review of Plaintiff's unredacted itemized invoices of attorney's fees and found the hours expended and the rates charged to be reasonable. Therefore, the Court will award $243,664 in attorney's fees to Plaintiff, pursuant to the TTLA.

E.   **Costs**

Fed. R. Civ. P. 54(d) provides that "costs--other than

4

attorney's fees--should be allowed to the prevailing party."  "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs.  Indeed, [the 5th Circuit Court of Appeals] has held that 'the prevailing party is prima facie entitled to costs,' and has described the denial of costs as 'in the nature of a penalty.'" *Pacheco v. Mineta*, 448 F.3d 783, 793-4 (5th Cir. 2006)(quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985))(other citations omitted).

28 U.S.C. § 1920 defines the expenses a court may tax as costs.  *Crawford Fitting Company v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-2 (1987).  These recoverable costs are:

(1) Fees of the Clerk and marshal;

(2) Fees for printed or electronically recorded transcripts obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C. § 1923]; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of specials interpretation services under [28 U.S.C § 1828].

28 U.S.C. § 1920.  A federal court is limited to taxing, as costs,

the items enumerated in § 1920.  The district court does, however, have the discretion under Rule 54(d) "to refuse to tax costs in favor of the prevailing party." *Crawford*, 482 U.S. at 442.

  **1) Taxable Costs**

Plaintiff submitted a Bill of Costs, seeking reimbursement for $20,026.62 in costs and attached supporting documentation for some, but not all, of the items.[1]  Plaintiff can recover $2410.56 of its costs.  These costs represent filing fees, court reporter deposition and transcript fees, and fees for summons and subpoena, as itemized below.

| DATE | DESCRIPTION | COST |
|---|---|---|
| 5/21/2007 | Service of Summons | $55.00 |
| 2/26/2008 | Filing Fee--Motion to Transfer | $36.00 |
| 3/2/2009 | Datascope Court Reporter and Transcript | $390.40 |
| 3/6/2009 | Datascope Court Reporter and Transcript | $497.11 |
| 4/2/2009 | Datascope Court Subpoena Service | $120.00 |
| 4/8/2009 | Acuscribe Court Reporter and Transcript | $183.20 |
| 4/15/2009 | US Legal Support Subpoena Service | $105.00 |
| 4/15/2009 | US Legal Support Subpoena Service | $151.00 |
| 4/28/2009 | US Legal Support Court Reporter and Transcript | $460.80 |

---

[1]However, contrary to the Court's Order dated October 29, 2010 [Record No. 212], Plaintiff included items not properly recoverable as costs.  As Plaintiff is entitled to costs under Rule 54(d), the Court has expended considerable time and effort in combing through over one hundred pages of documentation in order to determine which costs were properly recoverable and to calculate their total.

| 5/22/2009 | Datascope Court Reporter and Transcript | $387.05 |
| 6/12/2009 | Filing Fee--Pro Hac Vice | $25.00 |
| | TOTAL | $2410.56 |

These fees are enumerated in 28 U.S.C. § 1920 as recoverable costs, either directly or through subsequent judicial interpretation, explicated herein.

### a) Service of Summons and Subpoena Fees

Plaintiff submitted a cost for "service of the complaint" in the amount of $55.00 but did not attach supporting documentation.[2] Thus, it is impossible for the Court to determine whether a United States marshal or a private process server effectuated process of the summons in this case; however, the fee will be allowed regardless of who served the summons.  The Fifth Circuit has not addressed this issue directly, but approved of the Ninth Circuit's interpretation of § 1920 as allowing "private process servers' fees as taxable costs because the service of summonses and subpoenas is now done almost exclusively by private parties employed for that purpose . . . ." *Gaddis v. United States*, 381 F.3d 444, 456 (5th Cir. 2004).[3]  This district court has interpreted the language in

---

[2] There is no dispute between the parties that summons was actually served, as corroborated at Record No. 2 on the docket.

[3] The Second, Sixth, Seventh and Eleventh Circuits also permit the taxation of private process server fees that do not exceed the fee the marshal would have charged to effectuate service.  *United States for Use and Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 172 (2nd Cir. 1996); *Arrambide v. Wal-Mart Stores, Inc.*, 33

*Gaddis* to include private process servers' fees as taxable costs. *E.g.*, *Sunbelt Mach. Works Corp. v. All American CNC Sales, Inc.*, No. H-09-0108, 2009 WL 2761670, at *6 (S.D. Tex. August 26, 2009). Therefore, the undersigned will tax as costs the $55.00 in fees for service of summons.

Plaintiff submitted three invoices which specifically state that they are bills for subpoena service by private entities. For the reasons stated above, these fees will also be taxed as costs, for a total of $431.00 in service of summons and subpoena fees taxed as costs.

### b) Filing Fees

"Fees of the clerk" are specifically enumerated as a taxable cost. These fees include the filing fees paid to the clerk. Although the Bill of Costs requests "Fees of the Clerk" in the amount of $350.00, Plaintiff has not submitted any documentation of this amount. Plaintiff did submit an itemization of a courier service for "filing of HEI Resources, Inc. Motion to Transfer Venue; Hot Shot Delivery, Inc." in the amount of $158.00. It is impossible, however, for the undersigned to determine whether this fee was solely for the courier service or whether it encompassed

---

F.App'x 199, 203 (6th Cir. 2002). *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996); *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). *Contra Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985)("Nor can KFC recover $250 for use of a special process server, because 28 U.S.C. § 1920 contains no provision for such expenses.").

any fees of the clerk, and in what amount.  Therefore, the Court will allow only the itemized filing fees in the amounts of $36.00 for the motion to transfer and $25.00 for the motion to appear pro hac vice, representing the fees that Plaintiff's counsel actually charged to Plaintiff, per the submitted documentation.

### c) Transcript Fees

Section 1920 allows the Court to tax as costs "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  These fees include costs in obtaining trial or deposition transcripts. *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed.Cir. 1996). A deposition may be included in costs "[i]f, at the time it was taken, [it] could reasonably be expected to be used for trial preparation." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991).  "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination to be made by the district court." *Id*. at 285-86.  The district court is accorded "great latitude in this determination." *Id*.

Plaintiff requested $5309.66 in "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" on its Bill of Costs.  Plaintiff's supporting documentation does not substantiate this amount.  The undersigned has identified $1918.56 in taxable fees for deposition transcripts necessarily obtained for use in this case, itemized above.  These

9

fees represent the itemized statements and receipts Plaintiff submitted which clearly showed fees paid for deposition transcripts.  The undersigned has repeatedly reviewed Plaintiff's supporting documentation and cannot identify any additional charges related to printed or electronic transcripts obtained for use in the case.  Plaintiff failed to explain these additional costs, the use of any deposition itemized, or the use of the transcript of the status report from February 26, 2009.  This case was resolved at the summary judgment stage.  The undersigned finds that at that stage in the litigation, all of the depositions were reasonably expected to be necessary for use in the trial or for trial preparation.  Therefore, the Court will tax $1918.56 in electronic or printed transcripts as costs to Defendant.

### 2) Non-taxable Costs

Plaintiff also seeks recovery of $17,616.06 in costs attributable to fees of the clerk, fees for service, fees for transcripts, fees and disbursements for printing, and attorney travel which are not taxable under section 1920.

| Item Requested | Cost |
|---|---|
| Fees of the Clerk (not awarded above) | $289.00 |
| Fees for Service of Summons/Subpoena (not awarded above) | $343.84 |
| Fees for transcripts (not awarded above) | $3391.10 |
| Fees and Disbursements for Printing | $5763.47 |

| Attorney Travel | $7828.65 |
| TOTAL | $17,616.06 |

### a) Fees of the Clerk

The undersigned will award the fees which Plaintiff itemized and which appeared on invoices from Plaintiff's counsel to Plaintiff, as listed in section 1b, *supra*.  Plaintiff failed to itemize or otherwise explain its request for an additional $289.00 in fees of the clerk; thus, the Court will not tax these costs.

### b) Fees for service of summons and subpoena

Plaintiff has not filed adequate documentation for $343.84 of the fees Plaintiff requests for service of summons or subpoena. Plaintiff submitted an itemized invoice from Plaintiff's counsel to Plaintiff, which included a line-item for "DATASCOPE; Medical Record Search from International Bank of Commerce" on April 9, 2009 for $250.69.  The receipt Plaintiff filed in support of this item lists the charge as "International Bank of Commerce Subpoena Compliance (Any & All Records)."  Plaintiff submitted similar documentation for a line-item on Plaintiff's invoice listed as "DATASCOPE; Medical Record Search from Bank of Jones County" on April 28, 2009 for $148.15.  This charge was listed on the accompanying receipt as "Bank of Jones County Subpoena Processing (Any & All Records)."  These invoices and receipts are ambiguous, and thus, insufficient for the Court to determine that they are recoverable under 28 U.S.C. § 1920(1) ("Fees of the clerk and

marshal"). Plaintiff did not file any additional explanation of the $343.84 it seeks in taxable costs for service of summons and subpoena. Furthermore, the two charges that the Court speculates could comprise these costs do not total $343.84. Thus, Plaintiff cannot recover the $343.84 in fees for service of summons and subpoena.

### c) Fees for transcripts

Plaintiff's Bill of Costs requested that the Court tax as costs $5309.66 in "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" as provided for in 28 U.S.C. § 1920(2). Plaintiff provided an itemized list and documentation for $1918.56, as listed in section 1c, *supra*. The undersigned has identified an additional $425.29 in videographer fees for depositions and a $81.90 fee for a transcript of a status conference on February 26, 2009. Plaintiff failed to explain why the transcript of the status conference was "necessary for use in the case," and, thus, the Court finds that it was prepared merely for the convenience of counsel and is nontaxable. The Court also finds that the videographer fees are nontaxable. Plaintiff filed with its Bill of Costs an invoice for the videotape of the deposition of Laura Guerra on March 24, 2009. Plaintiff, however, also filed an invoice for the transcript of the deposition of Laura Guerra on March 24, 2009. The undersigned taxed as a cost

the fee for the written transcript in section 1c, *supra*.[4]   The undersigned will not allow Plaintiff to recover nearly double the costs for a deposition transcript merely for the convenience of having the deposition record in both written and electronic format.

Additionally, Plaintiff cannot recover the costs for the item listed on Plaintiff's counsel's bill as "U.S. LEGAL SUPPORT, INC TX RECORDS & REPORTING; Court Reporting Fees; Videotape services of Marshall Munsell" on June 18, 2009 in the amount of $310.00 because Plaintiff failed to submit any supporting documentation, such as an explanation or an invoice, for this fee.   The Court cannot accurately determine who was deposed or how many copies were included, or ultimately, whether this was a transcript "necessarily obtained for use in the case," and, thus, taxable.   28 U.S.C. § 1920(2).   As a result, the undersigned will not tax as a cost the $310.00 for a videotaped deposition on June 18, 2009.

The remaining amount requested on the Bill of Costs for fees for printed or electronic transcripts persists as a mystery to the Court.   The undersigned specifically ordered Plaintiff to submit "an attached itemization of, and any documentation for, . . . costs for which Plaintiff seeks an award." [Order, Record No. 212.] Plaintiff completely failed to file any itemization of, documentation for, or explanation of the additional requested fees

---

[4]The cost for the written deposition transcript ($183.20) was greater than the cost for the videotaped deposition.

13

for transcripts.  As stated in section 1c, *supra*, Plaintiff can recover $1918.56 in fees for transcripts, which represents the portion of the requested fee that was both itemized and taxable under 28 U.S.C. § 1920.

### d) Fees and disbursements for printing

Plaintiff requested as recoverable costs $5763.47 in "Fees and disbursements for printing" on the Bill of Costs.  Plaintiff submitted no itemization of, documentation for, or explanation of printing costs.  To the extent that the requested amount represents printing, the undersigned will not tax as costs those fees.

Plaintiff, however, may have made an error completing the Bill of Costs form.  Plaintiff filed the Bill of Costs with itemization of $5747.40 in in-house photocopying cost and $978.47 in outsourced photocopying cost.  In the interest of judicial economy, the undersigned will address these costs here as though they were listed on the Bill of Costs as "the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  "Before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation.  Moreover, the party seeking such costs must offer some proof of the necessity."  *Holmes v. Cessna Aircraft Co*. 11 F.3d 63, 64 (5th Cir. 1994)(citations omitted).  A prevailing party is not required to "identify every xerox copy made for use in the course of legal

14

proceedings," but it is required to "demonstrat[e] that reproduction costs necessarily result[ed] from that litigation." *Fogleman v. ARAMCO* 920 F.2d 278, 286 (5th Cir. 1991). Plaintiff did not file any documentation other than two invoices from copy service companies and the bills for copying that counsel sent to Plaintiff. These documents, without more, do not support $5747.40 in photocopying costs as "necessarily obtained for use in the case." Therefore, these fees will not be taxed as costs.

### e) Travel Expenses

Plaintiff requested that the Court tax as costs $7828.65 in travel expenses. "[A] district court may decline to award the costs listed in [28 U.S.C. § 1920] but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)). Travel expenses are not one of the enumerated categories of taxable costs in 28 U.S.C. § 1920. Plaintiff has cited no authority to support its recovery of these travel expenses as costs. In fact, it is well-settled that attorney travel expenses are not taxable as costs. *Id.* ("The district court denied [the prevailing party's] request for travel expenses . . . These expenses are not included in § 1920 and therefore are not recoverable."). Therefore, the $7828.65 in expenses itemized above are not recoverable as costs.

### F. Prejudgment and Postjudgment Interest

15

Plaintiff has requested prejudgment interest in the amount of 5% simple interest on the $2,700,000 in actual damages from the date of the filing of the action (May 17, 2007) to the day prior to entry of the Judgment, and postjudgment interest from the date of entry of the Judgment until satisfied, each at a rate of 5% simple interest, compounded annually.   Defendants completely failed to raise any objections to an award of pre or postjudgment interest or to the way in which Plaintiff requested that the Court calculate the award.   Defendants offered no more than a blanket statement that the case should be allowed to proceed to appeal without an amended judgment, and requested that the Court "leave well enough alone." [Response, 2-3, Record No. 203] Other than these general objections, Defendants did not address pre or postjudgment interest in their Response.

"Setting the rate of interest on a judgment is within the trial court's broad discretion."   *In re Parker Drilling Offshore USA LLC*, 323 F. App'x 330, 333 (5th Cir. 2009)(citation and quotation marks omitted).

### 1) Prejudgment interest

Plaintiff cited Tex. Fin. Code § 304.102 and 304.103 in support of an award of prejudgment interest.   That statute "applies only to a wrongful death, personal injury, or property damage case of a court of [Texas]" for the purpose of awarding prejudgment interest.   Tex. Fin. Code § 304.101.   The case at bar is

essentially a cause of action based on fraud and conversion, among other claims.   Because this is not a "wrongful death, personal injury, or property damage case,"  Tex. Fin. Code §§ 304.102 and 304.103 do not apply.  *Head Indus. Coatings & Services, Inc. v. Maryland Ins. Co.*, 981 S.W.2d 305, 311 (Tex. App.-Texarkana 1998). Although Plaintiff cited an inapplicable statute as grounds for the award of prejudgment interest, Defendant failed to object.  Neither party has cited an applicable statute for an award of prejudgment interest and the Court is not aware of any applicable Texas statute.  The parties have not proposed any method of calculating interest other than the method Plaintiff proposed.

The undersigned found in the Memorandum Opinion and Order [Record No. 194] that Defendants committed fraud and theft. Defendant's actions deprived Plaintiff of the use of $2,700,000 since it was stolen in April 2007.  Plaintiff could have invested or made other prudent use of these funds, increasing their value, over the course of the last nearly three years.  The "purpose of prejudgment interest is to put a plaintiff in the position he would have been in had he had his trial and recovered his judgment immediately after his injury."  *Reyes-Mata v. IBP, Inc.*, 299 F.3d 504, 507 (5th Cir. 2002).  "Prejudgment interest is not a fine but a recognition that, had the plaintiff recovered immediately, they would have had the entire amount of money to use as they pleased." *Id*. at 508.  Thus, the undersigned finds that Plaintiff is entitled

17

to prejudgment interest in order to make Plaintiff whole again, after being deprived of the use of the $2,700,000 for almost three years.

Plaintiff has requested that the Court calculate interest at 5% from May 17, 2007 to the day prior to the entry of the Judgment accompanying this Memorandum Opinion and Order, February 9, 2010. Although predicated on an inapplicable statute, Defendant has not specifically objected to this prejudgment amount or calculation. The Court will not award prejudgment interest based on an inapplicable statute; however, the Court, in its discretion, has determined that 5% interest on the principal amount of $2,700,000, from May 17, 2007 to February 9, 2010, compounded annually, is an appropriate award to compensate Plaintiff for its loss of the use of the funds in this case. Using the formula for annually compounded interest, $P(1 + r)^y$, where P=principal, r=interest rate, and y=the number of years (calculated on an actual/360 basis), minus the principal, the total prejudgment interest award is $391,882.12.

### 2) Postjudgment interest

Plaintiff cited Tex. Fin. Code §§ 304.003 and 304.005-006 in support for an award of postjudgment interest on the total amount of the Judgment (excluding exemplary damages) at a rate of 5% interest, compounded annually. Defendant did not specifically object. Section 304.003 applies here because this is a money

judgment, other than a judgment on a contract.  In compliance with the statute, the postjudgment interest rate shall be determined as follows:

> (b) On the 15th day of each month, the consumer credit commissioner shall determine the postjudgment interest rate to be applied to a money judgment rendered during the succeeding calendar month.

> (c) The postjudgment interest rate is:

> (1) the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation;

> (2) five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System described by Subdivision (1) is less than five percent; or

> (3) 15 percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System described by Subdivision (1) is more than 15 percent.

> Tex. Fin. Code § 304.003.

Postjudgment interest shall be awarded on the total Judgment, exclusive of exemplary damages, at a rate determined in accordance with Tex. Fin. Code § 304.003, from the date of entry of the Judgment until it is satisfied, compounded annually.  Tex. Fin. Code § 304.005-006.

**G.   Exemplary Damages**

Plaintiff sought $5,400,000 in exemplary damages in its motion to alter or amend the judgment under Tex. Civ. Prac. & Rem. Code § 41.003.  Section 41.003 allows recovery of exemplary damages "only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary

19

damages results from: (1) fraud . . . ." Tex. Civ. Prac. & Rem. Code § 41.003.   Plaintiff satisfied the clear and convincing evidence requirement under § 41.003 at the summary judgment stage of this proceeding.   In the Memorandum Opinion and Order granting summary judgment on Plaintiff's fraud claim, the Court, viewing all of the facts in the light most favorable to Defendants, found that nearly all of the facts were "undisputed," that Defendants "lack[ed] any evidence to support their assertion" and that because there was "no genuine issue of material fact, [Plaintiff was] entitled to judgment as a matter of law on its fraud claim."[5] [Memorandum Opinion and Order, 17-18, Record No. 194.]   In their Response, Defendants did not specifically object to an award of exemplary damages or the amount requested, other than to generally state that Defendants did not want the Plaintiff to recover any additional awards.   Thus, Plaintiff is entitled to recover $5,400,000 in exemplary damages under Tex. Civ. Prac. & Rem. Code § 41.003.

## IV. CONCLUSION

The Court finds that it is necessary to modify the Judgment to

---

[5] "Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *TXI Trasp. Co. v. Hughes*, 224 S.W.3d 870, 906 (Tex. App.-Fort Worth, 2007).   Although "there is no requirement that the evidence be unequivocal or undisputed[,]" in this case, the evidence presented at the summary judgment stage on the fraud claim was essentially undisputed.   *Id.*

prevent an error which would result in injustice to the Plaintiff, as well as to properly award Plaintiff the damages to which it is entitled.  Accordingly, **IT IS ORDERED** that Plaintiff's motion for determination of damages and modification of the judgment [Record No. 200] be, and the same hereby is, **GRANTED**.  The undersigned has filed an Amended Judgment concurrent with this Memorandum Opinion and Order.

This the 10th day of February, 2010.



**Signed By:**

**_Joseph M. Hood_**

**Senior U.S. District Judge**

Sitting by Designation